UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR 13-30188-RAL |
| Plaintiff, | * | |
| vs. | * | OPINION AND ORDER |
| | * | ON MOTIONS IN LIMINE |
| MARY PENEAUX, | * | |
| Defendant. | * | |

At the pretrial conference and motion hearing held on October 6, 2014, this Court heard argument on the pending motions in limine and made preliminary rulings thereon. Ruling on motions in limine are preliminary in nature, and presentation of evidence at trial may open evidentiary doors that appear to be closed when viewing the case before trial. This Opinion and Order provides the Court's reasoning for its rulings.

This is an arson case, where the Government charges that Defendant Mary Peneaux willfully and maliciously burned the Spotted Tail home on March 23, 2013. Peneaux has pleaded not guilty, contends that the fire should be classified as undetermined rather than incendiary, and posits that the fire was accidentally started by Brian Metcalf, a resident of the Spotted Tail home, who allegedly was cooking while highly intoxicated.

Peneaux's first Motion in Limine, Doc. 31, seeks to prohibit that, when she was a teenager dating Richard Spotted Tail, she burned her name into the ceiling of Richard's bedroom within the Spotted Tail home. The fire alleged to be arson occurred when Peneaux was 24. The Government's theory of the case is that Peneaux on March 23, 2013, was trying to rekindle a romantic relationship with Richard, was drinking with him that night, was spurned in her efforts to reconcile with Richard, and lit his bed on fire using an open flame after Richard left her. The Government asserts that it

expects Richard to testify that, before he left Peneaux in his bedroom, the two of them talked about Peneaux's burned name on his bedroom ceiling and thus that the burned name is part of the res gestae of the case. The admissibility of evidence of Peneaux's charred name on the bedroom ceiling turns on whether Richard testifies about discussing it with Peneaux on the night of the alleged arson. If the burned name was not something discussed between Richard and Peneaux on the night of the fire, the act is inadmissible under Rule 404 of the Federal Rules of Evidence. If Richard so testifies, then the burned name on the ceiling is admissible as part of the res gestae. See United States v. Thomas, 760 F.3d 879, 883 (8th Cir. 2014) (explaining that Rule 404(b) does not apply to res gestae, or intrinsic evidence); United States v. Young, 753 F.3d 757 (8th Cir. 2014) (stating that res gestae evidence is admissible because it "completes the story or provides a total picture of the charged crime") (citation omitted). Peneaux then would be allowed to present evidence that others had written their names in various ways on that bedroom ceiling and the circumstances surrounding her charring her name into the ceiling many years previously.

The Government's Motion in Limine, Doc. 37, seeks to exclude testimony from Brian Metcalf's former girlfriend and the sister of the former girlfriend that Metcalf on previous occasions cooked while intoxicated producing lots of smoke, that Metcalf three years ago lit hay bales on fire, and that Metcalf had passed out previously with a cigarette in his hand. Peneaux does not contend that Metcalf started the fire intentionally or by passing out with a cigarette in his hand, but posits that Metcalf may have started the fire in the kitchen while cooking.

As a general rule, a defendant may attempt to show that someone else committed the crime with which the defendant is charged. See Holmes v. South Carolina, 547 U.S. 319, 327 (2006) ("Evidence tending to show the commission by another person of the crime charged may be introduced

2

by accused when it is inconsistent with, and raises a reasonable doubt of, his own guilt; but frequently matters offered in evidence for this purpose are so remote and lack such connection with the crime that they are excluded." (quoting 41 C.J.S. Homicide § 216 (1991))). Here, Peneaux contends that evidence about Metcalf having burned food while drunk in the past is admissible under Federal Rules of Evidence 404(a)(2)(B) and 404(b).

Rule 404(a)(2)(B) provides that a defendant in a criminal case "may offer evidence of an alleged victim's pertinent trait." If the defendant offers evidence of the victim's character, it must be in the form of reputation or opinion testimony. Fed. R. Evid. 405(a). Specific acts may be used to prove character only if the character trait at issue is an essential element of a charge or defense. Id. 405(b). Although it is not entirely clear, it appears from reading Peneaux's response to the Government's motion in limine that she will be seeking to offer testimony describing specific instances when Metcalf got drunk and burned food. Thus, even assuming that getting drunk and burning food is a "trait," testimony about specific instances of Metcalf's trait is not admissible under Rule 405 because it is not an essential element of the charge or Peneaux's defense. Rather, evidence about Metcalf's character trait is circumstantial evidence Peneaux hopes to use to prove a consequential fact.

Rule 404(b)(2) provides that evidence of crimes, wrongs, or other bad acts may be admissible in a criminal case to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."[1] Although the prosecution frequently uses Rule 404(b) to introduce "other crimes" evidence against a defendant, "a seldomly used subspecies of Rule 404(b) known as

---

[1] This analysis assumes that Metcalf getting drunk and burning food qualifies as a wrong or other bad act.

3

'reverse 404(b)' . . . is utilized to exonerate defendants."[2] United States v. Stevens, 935 F.2d 1380, 1383, 1402 (3d Cir. 1991). When determining whether to admit reverse 404(b) evidence, "a district court must balance the evidence's probative value under Rule 401 against considerations such as prejudice, undue waste of time, and confusion of the issues under Rule 403." United States v. Savage, 505 F.3d 754, 761 (7th Cir. 2007) (citations omitted).

Courts take somewhat different approaches to analyzing reverse 404(b) evidence, with some courts applying the same standard that applies when the government introduces 404(b) evidence, other courts applying a less rigorous standard, and still other courts appearing to apply a simple balance between the evidence's probative value and Rule 403 considerations. See United States v. Armstrong, 436 F. App'x 501, 503 (6th Cir. 2011) (noting that "prior bad acts are generally not considered proof of *any* person's likelihood to commit bad acts in the future and reiterating prior holding that normal 404(b) analysis applies "even in cases where such evidence is used with respect to an absent third party, not charged with any crime") (citation omitted); United States v. South, 295 F. App'x 959, 969 (11th Cir. 2008) (per curiam) (explaining that the standard for admission of other acts evidence offered by defendants is relaxed); United States v. Williams, 458 F.3d 312, 316–17 (3d Cir. 2006) United States v. Seals, 419 F.3d 600, 606–07 (7th Cir. 2005) (noting that "the defense is not held to as

---

[2]At the hearing, the Government argued that it had not received proper notice that Peneaux was going to introduce Rule 404(b) evidence. Rule 404(b) has a pretrial notice requirement, stating that the party offering the evidence must:

(A) provide reasonable notice of the general nature of any such evidence that [the party] intends to offer at trial; and

(B) do so before trial—or during trial if the court, for good cause, excuses lack of pretrial notice.

The Eighth Circuit has provided the following factors to consider when determining whether notice was reasonable: 1) when the offering party could have learned of the evidence through timely trial preparation; 2) prejudice to the opposing party from lack of time to prepare; and 3) how significant the evidence is to the offering party's case. United States v. Lindsey, 702 F.3d 1092, 1097 (8th Cir. 2013).

rigorous of a standard as the government in introducing reverse 404(b) evidence" and stating that courts considering reverse 404(b) evidence must weigh the evidence's probative value under Rule 401 against Rule 403 concerns); United States v. Islas-Bravo, No. CR 07-3039-MWB, 2008 WL 2783271 (July 16, 2008), at *5 (determining that the admissibility of reverse of 404(b) evidence "should be judged against essentially the same standards that apply to ordinary 404(b) evidence."). Courts generally agree, however, that propensity evidence is still inadmissible, even if the defendant is offering the evidence against a third party. See South, 295 F. App'x at 969–70 ("Although the standard for admission is relaxed when the evidence is offered by a defendant, the party advancing the evidence must demonstrate that it is not offered to prove the character of a person in order to show action in conformity therewith.") (citations omitted); Williams, 458 F.3d at 317 (stating that the Rule 404(b) "prohibition against the introduction of bad acts evidence to show propensity applies regardless of whether the evidence is offered against the defendant or a third party."); Islas-Bravo, 2008 WL 2783271, at *6 (determining that the prohibition on propensity evidence should be maintained even when defendant is offering reverse 404(b) evidence).

Peneaux argues that evidence that Metcalf burned food while drunk in the past is admissible under Rule 404(b) to show identity. But this Court is already going to allow Peneaux to introduce evidence that Metcalf was drunk and burned food on the night of the alleged offense. Any evidence that Metcalf burned food while drunk on prior occasions would only be probative inasmuch as it showed that he had a propensity to engage in this activity. Although this evidence supports Peneaux's defense that it was Metcalf, rather than herself, who started the fire, the evidence is still propensity evidence in violation of Rule 404(b) and cannot be admitted under that rule. Evidence of starting hay bales on fire and passing out with a lit cigarette previously likewise is inadmissible.

Peneaux's second motion in limine, Doc. 46, argues that Federal Rule of Evidence 704(b) precludes the Government's cause-and-origin fire expert from testifying about her state of mind. Rule 704(b) states that an expert in a criminal case "must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense. Those matters are for the trier of fact alone." However, "[t]estimony that, when combined with other evidence, might imply or otherwise cause a jury to infer this ultimate conclusion . . . is permitted under the rule." United States v. Wells, 706 F.3d 908, 913 (8th Cir. 2013) (citation omitted).

Although there appears to be no direct authority from the Eighth Circuit, the Seventh Circuit has at least implicitly recognized that an expert opinion as to whether a fire was incendiary is admissible. See United States v. Gardner, 211 F.3d 1049 (7th Cir. 2000); United States v. Lundy, 809 F.2d 392 (7th Cir. 1987). In Gardner, the district courts allowed an expert witness to testify that electrical wiring had not caused the fire, that an accelerant had been used to set the fire, and thus that the fire was set intentionally. 211 F.3d 1052. On appeal, the defendant challenged the district court's admission of the expert testimony, arguing that the testimony did not have a reliable basis and that it was cumulative. The defendant did not argue that the expert's testimony violated Rule 704(b), however. The Seventh Circuit affirmed the district court's admission of the expert testimony, finding the testimony was not cumulative and that it was admissible under Rule 702 because the expert's testimony about the cause and origin of the fire helped the jury determine whether the fire was caused by arson. Id. at 1054. In Lundy, another arson case, the district court allowed an expert witness for the government to testify that the fire "was purposely set—incendiary in origin." 809 F.2d at 394. The defendant argued on appeal that allowing the expert testimony violated Rules 702 and 403, but did not

make any argument under Rule 704. The Seventh Circuit affirmed the district court's decision to admit the evidence. Id. at 394–95. In so doing, the Seventh Circuit rejected the defendant's argument that the expert's testimony was inadmissible because it was based solely on third-party observations and hearsay. The Seventh Circuit explained that the expert "never testified that [the defendant] or anyone in particular caused the fire. He only testified that in his opinion the fire was not accidental." Id. at 396.

The Government's cause-and-origin expert will be allowed to opine that the fire was incendiary, which is one of four classifications—natural, accidental, undetermined, and incendiary—that cause-and-origin experts typically decide. However, the cause-and-origin expert should not opine on whether the fire was set "maliciously" or "willfully" as these are ultimate facts for the jury.

Therefore, it is hereby

ORDERED that, as explained above, the Defendant's first Motion in Limine, Doc. 31, is granted in part and denied in part. It is further

ORDERED that the Government's Motion in Limine, Doc. 37, is granted, although evidence of Metcalf's activities on the night in question is admissible. It is further

ORDERED that Defendant's second Motion in Limine, Doc. 46, is granted in part and denied in part.

Dated October 7, 2014.

BY THE COURT:

*(signature)*
ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE

7